UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JERRY BROWN-PEGUES,

                                              Case No. 1:24-cv-11568
                                              Hon. Thomas L. Ludington

                    Plaintiff,

v.

MICHIGAN DEPARTMENT OF
CORRECTIONS, *et al.*,

                    Defendants.
_____/

**AMENDED ORDER TRANSFERRING CASE TO THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MICHIGAN**

Plaintiff Jerry Brown-Pegues is a Michigan prisoner presently incarcerated at the Carson City Correctional Facility (DRF), in Montcalm County, Michigan. The *pro se* Complaint names the Michigan Department of Corrections, MDOC Director Heidi Washington, and four staff members at DRF as Defendants. The Complaint asserts that Defendants retaliated against Plaintiff by denying him access to the law library at DRF after he requested blank civil rights complaint forms. ECF No. 1 at PageID.6, 9-10.

The determination of the proper venue for a civil action in federal court is generally governed by 28 U.S.C. § 1391. Relevant here, the statute provides that a civil action may be brought in (1) a judicial district in which any defendant resides; or (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred. 28 U.S.C. § 1391(b). If venue is improper in the district where a case is filed, but would be proper in another district, "a district court has the power to *sua sponte* transfer [the] case." *Cosmichrome, Inc. v. Spectra Chrome, LLC*, 504 F. App'x 468, 472 (6th Cir. 2012) (emphasis added).

All the events giving rise to the complaint are alleged to have occurred in Montcalm County. Four of the individually named Defendants are employed in Montcalm County at DRF. The other Defendant, MDOC Director Washington, operates from the MDOC central office in Ingham County. Ionia and Ingham Counties are part of the Western District of Michigan. 28 U.S.C. § 102(b). Because there is no apparent basis for venue to lie in this district, but the facts alleged in the complaint suggest that venue would be proper in the Western District, the Court finds that the interests of justice would be served by transferring the case to the district where it should have been filed in the first instance. 28 U.S.C. § 1406(a).

Accordingly, it is **ORDERED** that this case be **TRANSFERRED** to the United States District Court for the Western District of Michigan pursuant to 28 U.S.C. §1406(a).

It is noted that this Court has not decided whether Plaintiff is entitled to proceed in forma pauperis, nor has the Court reviewed Plaintiff's complaint under 28 U.S.C. §§ 1915(e)(2), 1915A, or under 42 U.S.C. § 1997e(c).

Dated: August 16, 2024                                  s/Thomas L. Ludington
                                                        THOMAS L. LUDINGTON
                                                        United States District Judge